**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHRYSSOULA ARSENIS,

                Plaintiff,

                v.

M&T BANK s/b/m HUDSON CITY SAVINGS BANK,

                Defendant.

Civil Action No. 23-2601 (MAS) (JBD)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

      This matter comes before the Court upon four separate motions: (1) Defendant M&T Bank s/b/m Hudson City Savings Bank's ("Defendant") Motion to Dismiss (ECF No. 12) Plaintiff Chryssoula Arsenis's ("Plaintiff" or "Arsenis") Complaint (ECF No. 1); (2) Plaintiff's Motion for Judgment on Partial Findings (ECF No. 42); (3) Plaintiff's Motion to Deny Application of Res Judicata Based on Federal Violations Causally Connected to State Judgment (ECF No. 43); and (4) Plaintiff's Motion to Enforce Mandate and Preclude Defendant's Renewed Second Attempt to Relitigate Adjudicated Issues (ECF No. 44).[1] Plaintiff opposed Defendant's Motion to Dismiss (ECF No. 18), Defendant replied (ECF No. 19), and the parties filed supplemental briefing (ECF Nos. 37, 39). Defendant opposed Plaintiff's Motions in a consolidated opposition (ECF No. 45), and Plaintiff replied (ECF No. 47). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons

---

[1] The Court collectively refers to Plaintiff's motions (ECF Nos. 42, 43, 44) as "Plaintiff's Motions" in this Memorandum Opinion.

below, Defendant's Motion to Dismiss (ECF No. 12) is granted and Plaintiff's Motions (ECF Nos. 42, 43, 44) are denied as moot.

## I. BACKGROUND

### A. Factual Background

This dispute arises from a mortgage loan and Defendant's foreclosure action against Plaintiff relating to that loan.[2] (*See* Compl. 2-3, ECF No. 1; Def.'s Moving Br. 4, ECF No. 12-2.) On November 29, 2007, Plaintiff gave a promissory note (the "Promissory Note") for the principal amount of $795,000.00 to Hudson City Savings Bank.[3] (Def.'s Moving Br. 4; Ex. A to Ex. 4 to Def.'s Moving Br. *9-*17,[4] ECF No. 12-8.) To secure the Promissory Note, Plaintiff and Charalampos Artemis executed a mortgage (the "Mortgage") for $795,000.00 in connection with a property located at 6 Quail Run, Warren, New Jersey (the "Mortgaged Property"). (Ex. B to Ex. 4 to Def.'s Moving Br. *20-*32, ECF No. 12-8.)

Sometime after execution of the Mortgage, Plaintiff defaulted under the terms of the Promissory Note. (Compl. 3-4; Def.'s Moving Br. 4.) As a result, in September 2022, Defendant

---

[2] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers several of the exhibits attached to Defendant's Motion to Dismiss because they are integral to Plaintiff's Complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("[A] document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." (second alteration in original) (emphasis in original) (internal quotation marks and citation omitted)). Here, Plaintiff alleges that Defendant's initiation of foreclosure proceedings despite an obligation to modify a federally-mandated agreement violated various laws. (*See* Compl. 2-3, 9-10.) The Court can therefore properly consider the documents submitted by Defendant regarding that underlying foreclosure proceeding at this stage.

[3] Defendant is the successor by merger to Hudson City Savings Bank. (Def.'s Moving Br. 4, 4 n.3.)

[4] Page numbers preceded by an asterisk refer to the page numbers noted in the ECF header.

2

commenced a foreclosure action against Plaintiff (the "Foreclosure Action") in state court. *See M&T Bank s/b/m Hudson City Savings Bank v. Chryssoula Arsenis, et al.*, No. F-9595-22 (N.J. Super. Ct. Ch. Div. Sept. 12, 2022); (*see* Compl. 3-4; Def.'s Moving Br. 4; *see generally* Ex. 1 to Def.'s Moving Br., ECF No. 12-5.) In December 2022, Plaintiff filed an Answer, Affirmative Defenses, and Counterclaims in the Foreclosure Action. (Def.'s Moving Br. 4; *see generally* Ex. 2 to Def.'s Moving Br. ("Foreclosure Answer & Countercls."), ECF No. 12-6.) In March 2023, Defendant filed a motion for summary judgment in the Foreclosure Action.[5] (Def.'s Moving Br. 4-5; *see generally* Ex. 3 to Def.'s Moving Br., ECF No. 12-7.) The state court ultimately reached a final judgment in the Foreclosure Action, finding in favor of Defendant. *See M&T Bank s/b/m Hudson City Savings Bank v. Chryssoula Arsenis, et al.*, No. F-9595-22; (*see generally* Ex. 1 to Def.'s Mar. 10, 2025 Br. ("Foreclosure Action Order"), ECF No. 37-1.)

Plaintiff's Complaint in this matter alleges that the Covid-19 pandemic "caused mortgage defaults" which were "allowed and encouraged by widespread and readily available forbearance [a]greements with [Defendant]." (Compl. 2.) Plaintiff further alleges that she applied for, and was approved for, at least one loan modification Trial Period Plan (the "TPP"). (*Id.*; *see generally* Ex. A to Compl. ("TPP"), ECF No. 1-2.) The TPP was the "first step toward qualifying for a permanent loan modification" that Plaintiff sought. (TPP *1; Compl. 2.) Plaintiff alleges that despite the TPP, Covid-19-related forbearance, and her timely payments under the TPP, Defendant still proceeded with the Foreclosure Action in state court in violation of: (1) the Real Estate Settlement Procedures Act (the "RESPA"), 12 C.F.R. § 1024.21; (2) the Coronavirus Aid, Relief, and Economic Security

---

[5] Plaintiff attempted to remove the Foreclosure Action to this Court but was unsuccessful and the case was remanded back to state court. *See M&T Bank s/b/m Hudson City Saving Bank v. Arsenis*, No. 23-1609, ECF Nos. 1, 14, 24 (D.N.J. filed Mar. 21, 2023).

3

Act (the "CARES Act"), 15 U.S.C. § 116, *et seq.*; and (3) the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, *et seq.* (Compl. 8-11.)

Arsenis's allegations in her Answer, Affirmative Defenses, and Counterclaims in the Foreclosure Action essentially mirror the allegations here. (*Compare* Compl. *with* Foreclosure Answer & Countercls.) In the Foreclosure Action, Plaintiff's counterclaims were predicated on the assertion that Defendant has "wrongfully refus[ed] to convert a trial modification [(the TPP)] to a permanent modification" which Plaintiff claims she was entitled to under the CARES Act. (Foreclosure Answer & Countercls. 12.) Plaintiff also stated in her Counterclaims that she "reserved the right to assert other claims" including those that arise under RESPA and FDCPA. (*Id.* at 14.)

B.   **Procedural Background on Motion to Dismiss**

This is not the first time this Court has addressed Defendant's Motion to Dismiss. On January 5, 2024, the Court granted Defendant's Motion to Dismiss on abstention grounds under the *Colorado River* doctrine. (*See generally* Mem. Op., ECF No. 21; Order, ECF No. 20 (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976)).) Plaintiff appealed the decision. (*See generally* Notice of Appeal, ECF No. 22.) The Third Circuit found that "[g]iven the heavy presumption in favor of exercising jurisdiction, . . . [t]he District Court should [have] therefore exercise[d] jurisdiction" and vacated this Court's decision. (USCA J. 6-7, ECF No. 27.) The Third Circuit also specifically noted that while Plaintiff's appeal was pending, "the state court entered an order granting summary judgment in favor of [Defendant]" and left the issue of res judicata for this Court to consider. (*Id.* at 7 ("Because the circumstances here do not warrant it, [the Third Circuit] decline[s] to address this issue [of res judicata] in the first instance and will, instead, leave it to the District Court to address on remand.").) Upon remand and reinstating

4

Plaintiff's Complaint, Defendant sought the Court's permission to file supplemental briefing on the res judicata issue and requested that the Court hear the remainder of Defendant's substantive arguments in favor of dismissal. (Def.'s Feb. 6, 2025 Correspondence, ECF No. 29.) The Court granted Defendant's request regarding supplemental briefing.[6] (Feb. 26, 2025 Text Order, ECF No. 33). Defendant filed a supplemental brief in support of its Motion to Dismiss (Def.'s Mar. 10, 2025 Br., ECF No. 37) and Plaintiff filed an opposition brief (Pl.'s Mar. 25, 2025 Opp'n Br., ECF No. 39). While the Court's decision on Defendant's Motion to Dismiss was pending, Plaintiff filed Plaintiff's Motions in front of this Court arguing in part that this Court is not permitted to consider res judicata at this time.[7] (*See generally* ECF Nos. 42, 43, 44.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure[8] 8(a)(2) "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

---

[6] Plaintiff also filed a Petition for Writ of Mandamus under 28 U.S.C. § 1651 requesting that the Third Circuit vacate this Court's February 26, 2025 Text Order granting supplemental briefing on the doctrine of res judicata because the "Text Order . . . violate[d] the mandate and improperly reopen[ed] an issue that was already addressed and determined by [the Third Circuit]." (Pet. for Writ of Mandamus *2, ECF No. 35.) Plaintiff argued that this Court's Text Order "improperly reopen[ed] the issue of res judicata . . . which was already addressed and resolved[.]" (*Id.* at *4.) The Third Circuit, however, rejected this argument in its entirety, and noted that "the order of remand specifically contemplated the District Court's consideration of issues relating to claim preclusion." (Order of USCA 3, ECF No. 41-1.)

[7] The Third Circuit has notably already rejected many of the theories Plaintiff raises in Plaintiff's Motions. (*See* Order of USCA 3; *see generally* ECF Nos. 42, 43, 44.)

[8] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

5

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III. DISCUSSION

In its supplemental briefing, Defendant argues that, in addition to its original arguments presented in its Motion to Dismiss (*see generally* Def.'s Moving Br.), Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) because they are barred by the doctrine of res judicata "by virtue of the entry of final judgment in favor of [Defendant] and against Plaintiff in the related [Foreclosure Action]" (Def.'s Mar. 10, 2025 Br. 2). Plaintiff argues, among other theories, that the Foreclosure Action did not adjudicate Plaintiff's claims under RESPA, FDCPA, the CARES Act, or the Truth in Lending Act (the "TILA"), because "[t]hese statutes confer independent federal

6

rights, not subject to waiver or preclusion simply because a related foreclosure [action] was filed" and "[t]he state court lacked jurisdiction and did not adjudicate any of these claims." (Pl.'s Mar. 25, 2025 Opp'n Br. *8-*9.)

"The general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action." *Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 172 (3d Cir. 1999) (quoting *Univ. of Md. at Balt. v. Peat Marwick Main & Co.*, 923 F.2d 265, 275-76 (3d Cir. 1991)). A party seeking to invoke res judicata to bar an action must establish three elements: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991) (citing *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984)). "The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought." *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) (citation omitted).

Plaintiff's claims here are barred by res judicata. *First*, the Foreclosure Action has reached a final judgment on the merits. (*See generally* Foreclosure Action Order.) Specifically, in its November 2024 Order, the state court found that Defendant had "sufficiently demonstrated its standing to foreclose" the Mortgaged Property and granted Defendant's motion for summary judgment.[9] (*Id.* at 17.) *Second*, the Foreclosure Action involved the same two parties that are

---

[9] To the extent Plaintiff argues that any appeal of the state court's decision precludes a finding of res judicata here, such an argument is misguided. *See Gordon v. E. Orange Veterans Hosp.*, No. 11-4066, 2013 WL 5730496, at *9 (D.N.J. Oct. 22, 2013) (rejecting plaintiff's argument that the pendency of appeal prevents res judicata because "a state trial court's resolution of a matter is 'final' for res judicata purposes even if an appeal of the matter is pending" (emphasis omitted) (quoting *In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997))).

present in this matter. (*See generally* Foreclosure Action.) *Third*, this suit is a "subsequent suit based on the same cause[] of action" as the Foreclosure Action. *See Athlone*, 746 F.2d at 983. All of Plaintiff's claims in this matter arise from the same transaction as that in the Foreclosure Action: Plaintiff's failed loan modification and Defendant's foreclosure proceeding. (*See generally* Compl; Foreclosure Action); *see also Beningo v. Walsh*, No. 23-3248, 2024 WL 640733, at *7 (D.N.J. Feb. 15, 2024) ("[T]he court generally takes a broad view to decide whether two suits are based on the same cause of action—looking at whether there is an essential similarity of the underlying events giving rise to the various claims." (internal quotation marks and citations omitted)). While Arsenis brought only contract-based counterclaims in the Foreclosure Action, she could have raised any of her RESPA, CARES Act, and FDCPA claims in this matter as counterclaims or affirmative defenses in the state court proceeding, and in fact, even "reserve[d] rights" to assert claims under RESPA and FDCPA and "any other claims as may be warranted" in the Foreclosure Action. (Foreclosure Answer & Countercls. 14); *Shah v. United States*, 540 F. App'x 91, 93 (3d Cir. 2013) ("Res judicata does not require the precluded claim to actually have been litigated; its concern, rather is that the party against whom the doctrine is asserted had a full and fair opportunity to litigate the claim." (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981))).

All three elements of res judicata are met here. *See, e.g.*, *Ezekoye v. Ocwen Fed. Bank FSB*, 179 F. App'x 111, 113 (3d Cir. 2006) (affirming dismissal based on claim preclusion where there was a final judgment on an underlying mortgage foreclosure action in state court, and plaintiff's complaint in federal court alleged defendant's "conduct related to the mortgage foreclosure violated a host of federal and state statutes"); *Brown v. U.S. Bank Nat'l Ass'n*, No. 11-3123, 2011 WL 5526024, at *1-*2 (D.N.J. Nov. 14, 2011) (finding plaintiff's claims alleging "a dispute over

8

a mortgage on [plaintiff's] property" barred by res judicata where "the claims in the [f]ederal [a]ction ar[o]se from the same transactions or occurrences as the claims that were raised, or should have been raised, in the [s]tate [f]oreclosure [a]ction")). Plaintiff's Complaint is, accordingly, dismissed in its entirety as barred by res judicata.[10]

IV.     **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss is granted, Plaintiff's Complaint is dismissed with prejudice,[11] and Plaintiff's Motions are denied as moot. The Court will issue an Order consistent with this Memorandum Opinion.

Dated: October 27th, 2025

                                                       **MICHAEL A. SHIPP**
                                                     **UNITED STATES DISTRICT JUDGE**

---

[10] Because Plaintiff's claims are barred by res judicata, the Court does not address any of Defendant's remaining arguments for dismissal. The Court likewise denies Plaintiff's Motions as moot and need not substantively address them.

[11] The Court need not give Plaintiff an opportunity to amend her Complaint. *See Coleman v. Chase Home Fin., LLC, ex rel. Chase Manhattan Mortg. Corp.*, 446 F. App'x 469, 473 (3d Cir. 2011) ("Where an amendment of a complaint could not possibly correct the defect that led to the original dismissal, the District Court does not abuse its discretion by denying leave to amend." (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434)).